IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:20-cv-14412-KMM

AMANDA SANDERS, and all
others similarly situated,

    Plaintiff,

vs.                                                                                          **Collective Action**

GEA PIZZA - SLW BLVD., INC., a
Florida Corporation, d/b/a Rosati's Pizza,
and JOHN MACHE, an individual, jointly
and severally,

    Defendants.
_____/

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

### I.    INTRODUCTION

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 – 219 (hereinafter "FLSA"), the Florida Minimum Wage Act and Florida common law, to recover unpaid overtime wages, minimum wages, and unpaid regular wages on behalf of Plaintiff AMANDA SANDERS (hereinafter "SANDERS"), and all others similarly-situated to her who were formerly, or are currently, employed as hourly paid employees by Defendant GEA PIZZA - SLW BLVD., INC., d/b/a Rosati's Pizza and JOHN MACHE, an individual (hereinafter referred to as "Defendants" or "ROSATI'S PIZZA").

2. Defendants employ these employees within the Southern District of Florida to perform various tasks in furtherance of the operation of their restaurants that they operate.

3. Throughout the liability period, Defendants have owned and operated a restaurant known as Rosati's Pizza, within the Southern District of Florida.

4. For at least the past three years prior to the filing of this complaint and continuing (hereinafter "Liability Period"), Defendants have had policies and practices in place to systemically shave time off of their employee's compensable hours worked solely designed to reduce labor costs and avoid payment of overtime at the expense of its employees. Specifically, Defendants' upper management accesses employees' clock in and clock out times, and systemically manipulates those computerized records to reflect less time than the employee has actually worked.

5. Pursuant to the FLSA, Plaintiff, on behalf of herself and all others similarly situated to her who were formerly, or are currently, employed as hourly paid employees for Defendants during the liability period, seeks unpaid overtime wages, unpaid minimum wages and unpaid regular wages, liquidated damages or pre-judgment interest, post-judgment interest and attorneys' fees and costs from Defendants.

6. Plaintiff will request the Court to authorize concurrent notice to all hourly paid employees who are employed by Defendants or who were so employed during the liability period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

## II.   JURISDICTION

7. This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA") (as amended), 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331, 1337.

## III.   VENUE

8. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) where Defendant may be deemed to reside because Defendant conducts business within the Southern District of Florida.

## IV.   PARTIES

### Plaintiff AMANDA SANDERS

9. SANDERS was, at all material times, a resident of Martin County, Florida.

10. SANDERS, at all material times, was a covered, non-exempt employee of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

11. Defendants employed SANDERS as an hourly paid manager in its pizzeria.

12. During the Liability Period, SANDERS, and all other similarly situated hourly paid employees, worked their scheduled hours and more, but were not paid for all hours worked because Defendants manipulated employees' time records to reflect less hours than what were actually worked.

### Defendants

13. Defendant, GEA PIZZA - SLW BLVD., INC. (hereinafter, "ROSATI'S PIZZA") is a Florida corporation with operational headquarters in Martin County, Florida, and conducts business at its pizzeria restaurant located at 1012 St. Lucie West Blvd., Port St. Lucie, Florida 34986, and is an enterprise engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the restaurant where SANDERS was employed.

14. At all times material hereto, ROSATI'S PIZZA is an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) with annual gross sales in excess of $500,000 within the meaning of the FLSA, and is thus subject to the requirements of the FLSA.

15. Defendant, JOHN MACHE (hereinafter "MACHE"), who conducts business within the Southern District of Florida, was, or now is, an owner and/or operator of Defendant ROSATI'S PIZZA.

16. Defendant MACHE acted and acts directly in the interests of Defendant ROSATI's PIZZA in relation to its employees. MACHE set the Plaintiff's pay, schedule and determined Plaintiff's job duties. Furthermore, MACHE was responsible for payroll and timekeeping, and was the individual most responsible for the time shaving that has spawned this litigation. Thus, MACHE was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

### V. GENERAL FACTUAL ALLEGATIONS

17. The allegations in paragraphs 16 through 21 occurred during the liability period.

18. Defendants do not pay its hourly paid employees for all hours worked.

19. All hourly paid employees employed by Defendants are not exempt from the overtime and minimum wage requirements of the FLSA pursuant to 29 U.S.C. § 213(a)(1).

20. All hourly paid employees employed by Defendants are entitled to be paid for all hours worked.

21. All hourly paid employees employed by Defendants are entitled to be paid overtime for all hours in excess of 40 during a seven-day workweek.

22. There are numerous persons similarly-situated to Plaintiff who are, or were, employed as hourly paid employees for Defendants during the liability period.

23. During the liability period, Defendants willfully and recklessly implemented a scheme whereby its upper management surreptitiously accessed employees' time records and manipulated those time records such that Defendants defrauded its hourly employees by stealing employees' time so that labor costs were reduced.

## VI. FIRST CLAIM against All Defendants – Unpaid Overtime Wages

24. The allegations in paragraphs 1-23 are incorporated by reference herein.

25. By its actions alleged above, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA, which requires employees to be paid one and a half times their regular rate of pay for all hours worked in excess of 40 during each seven-day workweek, 29 U.S.C. § 207.

26. As a result of the unlawful acts of Defendants, Plaintiff and all persons similarly situated to her that have been subject to Defendants' illegal time shaving scheme have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action pray for this Court:

A. To authorize the issuance of notice at the earliest possible time to all ROSATI'S PIZZA hourly employees who were employed by Defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they believe that they worked hours for which they may not have been fully compensated during the Liability Period;

B.  To declare that Defendants have violated the overtime provisions of the FLSA, 29 U.S.C. 207, as to the Plaintiff and persons similarly situated;

C.  To declare that Defendants' violations of the FLSA to be willful;

D.  To award Plaintiff, and other similarly situated current and former ROSATI'S PIZZA hourly employees, damages for the amount of the unpaid overtime wages and liquidated damages, subject to proof at trial;

E.  If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

F.  To make the same declarations and awards as prayed for in paragraphs A-E above as to all persons who opt into this action pursuant to 29 U.S.C. § 216(b); and

G.  To award Plaintiff, and other similarly situated current and former ROSATI'S PIZZA hourly employees, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## VIII. SECOND CLAIM – Unpaid Regular Wages/Minimum Wages (Non-Overtime)

27.  The allegations in paragraphs 1-23 are incorporated by reference herein.

28.  By its actions alleged above, Defendants willfully, knowingly and/or recklessly failed to pay Plaintiff for all hours worked, in violation of Florida Common Law, Section 206 of the Fair Labor Standards Act, and the Florida Minimum Wage Act.

29.  As a result of the unlawful acts of Defendants, Plaintiff and all persons similarly situated to her that have been subject to Defendants' illegal time shaving scheme have been deprived of unpaid wages in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to pre-judgment interest, post-judgment interest, attorneys' fees and costs.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action pray for this Court:

A.  To authorize the issuance of notice at the earliest possible time to all ROSATI'S PIZZA hourly employees who were employed by Defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt

into this lawsuit if they believe that they worked hours for which they may not have been fully compensated during the Liability Period;

B. To declare that Defendants have violated Florida Common Law, the Fair Labor Standards Act and the Florida Minimum Wage Act as to the Plaintiff and persons similarly situated;

C. To award Plaintiff, and other similarly situated current and former ROSATI'S PIZZA hourly employees, damages for the amount of the unpaid wages and statutory interest, subject to proof at trial;

D. To make the same declarations and awards as prayed for in paragraphs A-C above as to all persons who opt into this action pursuant to 29 U.S.C. § 216(b); and

E. To award Plaintiff, and other similarly situated current and former ROSATI'S PIZZA hourly employees, reasonable attorneys' fees and costs pursuant to Florida Statutes § 448.08, the Fair Labor Standards Act, and the Florida Minimum Wage Act.

### Jury Demand

Plaintiff demands trial by jury.

### CONSENT TO JOIN
### PURSUANT TO 29 U.S.C. §216(b)

I, AMANDA SANDERS, hereby consent and agree and opt-in to become a Plaintiff in this lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

*/s/ Amanda Sanders*
Amanda Sanders

Dated: December 2, 2020
Plantation, Florida                    Respectfully submitted,

*/s/ Robert S. Norell*
Robert S. Norell, Esq.
Fla. Bar No. 996777
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*