UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2:20-cv-14412-KMM

AMANDA SANDERS,
and all others similarly situated,

 Plaintiff,

v.

GEA PIZZA – SLW BLVD., INC.,
a Florida corporation d/b/a Rosati's Pizza,
and JOHN MACHE, an individual,
jointly and severally,

 Defendants.
_____/

## RENEWED JOINT MOTION TO APPROVE FLSA SETTLEMENT AND TO DISMISS ACTION WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

The Parties, in compliance with the Court's Notice of Court Practice in Fair Labor Standards Act Cases entered on November 24, 2020 (D.E. 4), and Paperless Order upon the Parties' Joint Motion to Approve FLSA Settlement and to Dismiss Action With Prejudice and Incorporated Memorandum of Law, (D.E. 19), hereby submit their Settlement Agreement to the Court, along with Plaintiff's counsel's detailed time and expense records, and respectfully request that the Court approve the settlement reached among them following negotiations undertaken in this litigation. Should the Court conclude that the settlement is fair and reasonable, the parties further request the Court to dismiss the case with prejudice and reserve jurisdiction for 30 days to enforce the terms. Plaintiff and Defendants respectfully submit the following Renewed Motion and incorporated Memorandum of Law regarding the settlement of the above-referenced case involving alleged unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §206 and §207 ("FLSA"), the Florida Minimum Wage Act and Florida Common Law.

A. The Court is Empowered to Approve the Settlement as Fair and Reasonable.

In this case, there was ***no compromise*** of Plaintiff's claim. Plaintiff received the full relief sought, including 100% of the wages allegedly owed and 100% of the liquidated damages sought. As such, this matter does not necessarily require Court approval as Plaintiff was offered and accepted full compensation. See MacKenzie v. Kindred Hospitals East, LLC, 276 F Supp. 2d 1211, 1217 (M.D. Fla. 2003)("Lynn's Food Stores addresses judicial oversight of 'compromises' of FLSA claims….Since the plaintiff has been offered full compensation on his claim, this case does not involve a compromise….[and] there is no need for judicial scrutiny").

Nevertheless, to the extent that the Court requires judicial approval of the settlement, the Parties respectfully request that the Court consider this settlement as "fair and reasonable." In one of the seminal cases on this issue, the Eleventh Circuit held that there are two ways that FLSA wage and hour related claims can be settled or compromised: The United States Department of Labor's supervision of the settlement or, in private party lawsuits such as is this one, the court's approval of the settlement after reviewing it for fairness. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982) (citing 29 U.S.C. § 216 (b) and (c)). The purpose of this process is to ensure that a settlement resolving claimed violations of the FLSA is reached between parties of equal bargaining power.

In the context of FLSA cases where there is a dispute over liability or the degree of liability, to be considered "fair and reasonable," the settlement need not reflect recovery of every possible dollar that the Plaintiff would win if the Court were to rule in the Plaintiff's favor with respect to every possible claim. Instead, the settlement need only reflect a reasonable compromise of the Plaintiff's claims.

Settlements in cases in which private counsel is representing private parties are permitted as a compromise of the claims. As the Court in Lynn's Food explained:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id. at 1354.

Indeed, the parties note that courts from other circuits have held that it is not necessary to even have the court review the settlement if it is between private parties and it involves a bona fide dispute concerning the validity of the claims. Martinez v. Bohls Bearing Equip. Co., 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005). In Martinez, Judge Rodriguez thoroughly analyzed the case law regarding the settlement and compromise of FLSA claims. In doing so, he concluded that private party settlements, even without court approval, are permissible "where there is a bona fide dispute as to the amount of hours worked or compensation due." Id.

The parties cite Martinez simply to note that courts recognize that in FLSA cases there are likely to be reasonable disputes concerning the validity or breadth of the plaintiff's claims and reasonable compromises of these disputes are not only to be expected, but are encouraged to avoid protracted and risky litigation. Recognition of such is what led the parties to in good faith resolve their dispute after negotiations.

    B.    <u>The Settlement is Fair and Reasonable in the Instant Case.</u>

        1.    *Plaintiff received payment for overtime wages allegedly due.*

This case presents a disputed claim for unpaid compensation. The parties engaged in preliminary discovery and exchanged documents reflecting time worked by Plaintiff. Based on the records and allegations of the Plaintiff, if Plaintiff prevailed, Plaintiff may have recovered $617.42

in alleged unpaid wages and additional $617.42 in alleged liquidated damages, plus attorney's fees and costs. Defendants advanced multiple defenses, including (1) Defendant was not covered enterprise; (2) Plaintiff was not individually engaged in interstate commerce; and (3) Plaintiff manipulated her own time records. The parties informally exchanged documents and legal research regarding these issues and ultimately reached the settlement that is now before this Court. As a result of this settlement, Plaintiff will receive 100% of the alleged unpaid wages and 100% of the alleged liquidated damages, plus attorney's fees and costs. See Exhibit 1, Settlement Agreement.

        2.     *The amount attributed to attorney's fees.*

The Parties complied with this Court's ruling in Bonetti v. Embarq. Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), when determining fees and costs. Plaintiff's fees and costs were negotiated and settled independently of Plaintiff's FLSA claims.

The amount attributed to attorney's fees was calculated by Plaintiff's counsel under the relevant lodestar factors. The lodestar is calculated using "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The most important factor to be considered is the result obtained. Id. at 436. See Pereira v. Phoenix Upholstering & Refinishing, Inc., 2009 WL 4855523 at *2 (M.D. Fla. December 10, 2009) (discussing the importance of the result obtained and approving a request for attorney's fees where plaintiff did not receive a full recovery of alleged damages). In the case at bar, Plaintiff received a recovery that included payment for all alleged wages due to Plaintiff and all liquidated damages.

Other relevant factors in the lodestar determination include the hourly rate charged by Plaintiff's attorney and the amount of time spent on the matter. Defendants have agreed to pay Plaintiff's attorney $7,590.50. See Exhibit 1. Plaintiff's counsel spent approximately 20.6 hours on this matter and incurred costs of approximately $510.00, which equates to slightly less than an

hourly rate of $343 such that the amount allocated for Plaintiff's attorney's fees and costs is a fair and reasonable amount. See Exhibits 2 and 3, Plaintiff's Counsel's detailed time records and Declaration of Robert S. Norell.

The amount of Plaintiff's attorney's fees was agreed upon separately and without regard to the amount paid to settle Plaintiff's claims. In fact, Plaintiff is being paid in full and Plaintiff's claim was not compromised. Plaintiff's counsel is not being paid a contingency fee and/or percentage of Plaintiff's recovery. Plaintiff contends that the settlement is fair and reasonable under the lodestar factors and because Plaintiff will receive full payment for the alleged wages due and liquidated damages.

Accordingly, the parties request that the Court approve the settlement and enter an Order dismissing this case with prejudice.

Respectfully submitted on February 2, 2021,

| | |
|---|---|
| */s/Todd W. Shulby, Esq.* | */s/ Robert S. Norell, Esq.* |
| Todd W. Shulby, Esq. | Robert S. Norell, Esq. |
| **TODD W. SHULBY, P.A.** | **ROBERT S. NORELL, P.A.** |
| 1792 Bell Tower Lane | 300 N.W. 70th Ave., Suite 305 |
| Weston, Florida 33326 | Plantation, Florida 33317 |
| Telephone: (954) 530-2236 | Telephone: (954) 617-6017 |
| Facsimile: (954) 530-6628 | Facsimile: (954) 617-6018 |
| E-mail: tshulby@shulbylaw.com | E-mail: rob@floridawagelaw.com |
| Florida Bar No.: 068365 | Florida Bar No.: 996777 |
| *Counsel for Defendant* | *Counsel for Plaintiff* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 2, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

By: ***/s/Robert S. Norell, Esq.***
For Robert S. Norell, P.A.
